## Commonwealth *v.* Missimer, Appellant.

*Criminal law—Conspiracy—Improper remarks of district attorney—Comment on failure of defendants to testify.*

Where on the trial of several defendants for conspiracy, the district attorney says to the jury that only two of the defendants had taken the witness stand, and one of the defendants who was acquitted objects to the remark, and requests that a juror be withdrawn, and the request is refused, and none of the other defendants make any such objection or request, the two defendants who went upon the stand and were convicted cannot, upon appeal, complain of the words of the district attorney, or of the action of the court in refusing to withdraw a juror and continue the case.

Argued April 19, 1909.  Appeal, No. 250, Oct. T., 1908, by defendant, from judgment of Q. S. Phila. Co., Feb. T., 1908, No. 288, on verdict of guilty in case of Commonwealth v. Horace H. Missimer et al.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.  Affirmed.

Indictment for conspiracy.  Before WILTBANK, J.

The facts are stated in the opinion of the Superior Court. See Commonwealth v. Donnelly, 40 Pa. Superior Ct. 116.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were various rulings and instructions set forth in the opinion of the Superior Court.

*A. H. Hendricks, Thad. S. Krause* and *Michael J. Ryan*, for appellant.

*William A. Gray*, with him *John H. Maurer*, assistant district attorney, and *Samuel P. Rotan*, district attorney, for appellee.

OPINION BY MORRISON, J., July 14, 1909:

This is the separate appeal of one of the defendants, Horace H. Missimer, in Commonwealth v. Wm. H. Donnelly et al., in which we have this day filed an opinion at No. 249, October Term, 1908, 40 Pa. Superior Ct. 116.

This appellant is one of the convicted defendants who participated in the alleged illegal and exorbitant lease from the Pennsylvania Graphite Company of certain land in Chester county and the leasing of other land in the same county owned by the appellant, Donnelly and others, to the United States Graphite Company, upon terms and for considerations alleged to have been excessive and exorbitant. This appellant became director of the latter company and he was present and participated in declaring several of the alleged illegal dividends and he received his share of the 125,340 shares of stock alleged to have been unlawfully divided among the defendants who were found guilty by the jury. As we said in the opinion in Donnelly's appeal, in regard to Donnelly, this appellant was an officer and an active man in the alleged conspiracy. The opinion in the Donnelly appeal is intended to and does apply with pertinence to the present appeal, with the one exception, that Missimer did not testify, and if the district attorney used the language complained of in the fourteenth assignment of error, Missimer might have put himself in a position to have that language reviewed. If the district attorney had said, "Two of the defendants took the stand," no fault could be found with that language. But it is alleged that he said, "That only two of the defendants took the stand;" this is rather suggestive and we do not say that it is not objectionable. However, it was not excepted to by this appellant nor his counsel and it was not brought upon the record, and the learned court refused to bring said language upon the record and to seal a bill at the request

of counsel for another defendant. Therefore for the reasons given in the opinion above referred to, we cannot review this language. In our opinion, the evidence was quite sufficient to warrant the jury in finding this appellant guilty of conspiracy to cheat and defraud, and we find no reversible error in the record.

The assignments of error are all overruled. Judgment affirmed, and the record is remitted to the court below to the end that the appellant may be committed to serve the unexpired portion of his sentence, at the time this appeal was made a supersedeas.